UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
PORT HURON DIVISION

KRISTEN WINKLER,

    Plaintiff,

– vs –

CAPITAL ONE BANK (USA) N.A.,

    Defendant,

_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, KRISTEN WINKLER ("Plaintiff"), through her attorneys, hereby alleges the following against Defendant, CAPITAL ONE ("Defendant"):

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in St. Clair County, in the city of Yale, Michigan.

5. Defendant is a Virginia corporation doing business in the State of Michigan, with headquarters located in McLean, Virginia.

6. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

8. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (810) 300-56XX.

9. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to (800) 955-6600.

10. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

11. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, KRISTEN WINKLER

12. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

13. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

14. On or about August 24, 2017, Plaintiff called into Defendant's company at phone number (800) 955-6600 and spoke with Defendant's female representative and requested that Defendant cease calling Plaintiff's cellular telephone.

15. During the conversation on August 24, 2017, Plaintiff gave Defendant her social security number to assist Defendant in accessing her account before asking Defendant to stop calling her cellular telephone regarding all of her accounts.

16. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on August 24, 2017.

17. Defendant continued to place collection calls to Plaintiff after August 24, 2017, despite Plaintiff's request for calls to stop.

18. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff's cellular telephone, Defendant placed at least two hundred and thirty-two (232) automated calls to Plaintiff's cellular telephone after August 24, 2017.

///

///

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

19. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-18.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

21. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

22. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-18.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KRISTEN WINKLER, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA) N.A, for the following:

## FIRST CAUSE OF ACTION

27. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (232); $116,000.00;

28. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

29. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (232); $348,000.00;

30. Actual damages and compensatory damages according to proof at time of trial;

## ON ALL CAUSES OF ACTION

31. Actual damages and compensatory damages according to proof at time of trial;

32. Costs and reasonable attorneys' fees;

33. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

34. Plaintiff demands a jury trial on all issues so triable.

                RESPECTFULLY SUBMITTED,

DATED:  May 2, 2018

        By: */s/ Jordan Z. Weiss*
        Jordan Z. Weiss, PLLC
        32000 Northwestern Highway, Suite 275
        Farmington Hills, MI 48334
        (248)939-9979
        Jordan@jzwesq.com
        P74097